UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY GOODLOW, as Administrator of the Estate of JARRETT FROST,<br><br>Plaintiff,<br><br>- against -<br><br>OFFICER MARK WESLEY,<br><br>Defendant. | Case No. 25-Civ-4871 (CS)<br><br>**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

WHEREAS the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY STIPULATED, AGREED, and ORDERED that the following restrictions and procedures shall apply to the information, testimony, and documents produced by the Parties, and as appropriate, non-parties, in this action:

1.      As used herein, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2.      As used herein, the term "Personally Identifying Information" or "PII" means social security numbers, dates of birth, the names of minors, financial account numbers, taxpayer-identification numbers, passwords, and other private information that could permit the identity of

an individual to be reasonably inferred or be used for identity theft, such as driver's license numbers, medical record numbers, and home addresses. PII exchanged in discovery shall be maintained by the receiving party in a manner that is secure. The redaction of PII from otherwise non-confidential materials will ordinarily be sufficient for the producing party to disclose the material without a confidential designation.

3.    As used herein, the term Confidential Material shall mean documents produced from the records of the New York State Department of Corrections and Community Supervision ("DOCCS") and the information contained therein, the disclosure of which Defendant or DOCCS reasonably believe would jeopardize correctional or institutional safety, security or good order, or which contain information that is confidential under state or federal law, as well as Jarrett Frost's medical records and mental health records.

4.    Defendant or Plaintiff may designate documents and witness testimony as Confidential Material.  Documents that are to be designated Confidential Material shall clearly be marked with the word "Confidential".

5.    Defendant or Plaintiff may further designate as "Attorney's Eyes Only" any Confidential Material in the following categories:

a.    Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

b.    Health care (including, but not limited to, drug or substance abuse records), mental health care, and labor relations records that contain PII concerning any employee of DOCCS, any incarcerated individual in the custody of DOCCS, or any person subject to community supervision by DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health

Law § 33.16 has been completed before any records approved for release are produced, and provided that, for any records that constitute law enforcement disciplinary records as defined in NYS Public Officers Law ("POL") § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96. This provision does not apply to the records of Jarrett Frost, which will not be marked or will only be marked Confidential;

    c.    Except for PII redactions, otherwise fully unredacted personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counseling, which would not otherwise be subject to a public right of access under the Freedom of Information Law ("FOIL"), Article 6 (Sections 84-90);

    d.    Directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are not publicly available and are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

    e.    DOCCS training materials that are not publicly available and refer to or concern correctional, community supervision or institutional safety, security, or good order;

    f.    Any other records, photographs, videos, maps, diagrams or materials that Defendant believes would compromise the safety or security of a DOCCS facility or office if disclosed to an incarcerated individual in the custody of DOCCS and/or the general public but this provision does not apply to any documents and evidence used in open court in the prosecution of Marat Krivoi.

6.    Transcripts of depositions taken in this Action, together with any exhibits, will be treated as Confidential Material and Attorney's Eyes Only in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material and/or Attorney's Eyes Only, consistent with the meaning of what is described in Paragraphs 3 or 5 herein, specific portions of the transcript, by page and line, together with any deposition exhibits which contain Confidential

Material referred to therein. Such designations must be provided to Plaintiff's counsel and Defendant's counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material or Attorney's Eyes Only. Nothing contained herein shall remove a previous Confidential Material or Attorney's Eyes Only designation from any exhibit mentioned, referenced, marked, identified or otherwise utilized during the deposition.

7.      Notwithstanding the treatment as Confidential Material or Attorney's Eyes Only, with respect to personnel, health care or mental health care records that contain PII concerning any employee of DOCCS or any incarcerated individual in the custody of DOCCS, it is understood that the residence addresses, employee insurance information, Social Security numbers, NYSID and FBI numbers of any employee, incarcerated individual, or other person who has not provided Defendant with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by Defendants or non-parties. However, names and Department Identification Numbers (DIN) may be redacted when there is specific and articulable security and/or privacy interest for doing so, e.g., to avoid disclosing the identity of confidential informants or the disclosure of protected health information. If a confidential informant's information is included in the disclosure, Plaintiff may challenge the redaction within 60 days following the procedures in this Order.

8.      An inadvertent failure to designate documents as Confidential Material or Attorney's Eyes Only material may be corrected by supplemental written notice given within 90 days of the production.

9.      To the extent Plaintiff's counsel lawfully obtained without restrictions to their use copies of documents described in Paragraphs 3 or 5 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order.

10.     In the event a party challenges another party's or a non-party's designation of Confidential Material and/or Attorney's Eyes Only, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court, provided that such application is made within thirty days of receipt of said designated material. If an application to the Court is made, the Court's procedures for resolving discovery disputes shall be followed.  Material designated as Confidential Material and/or Attorney's Eyes Only shall be treated as such until either the parties agree or the Court rules otherwise. Nothing in this Protective Order constitutes an admission by any party or non-party that Confidential Material disclosed in this action is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Material.

11.     Confidential Material or Attorney's Eyes Only material produced pursuant to the terms of this Stipulation and Protective Order shall be utilized by the receiving party and their counsel solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

12.     Confidential Material and Attorney's Eyes Only designated material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by a Court.

13.     As for Confidential Material <u>only</u>, counsel for Plaintiff may allow Plaintiff to view and inspect Confidential Material as necessary to prosecute this action.    Plaintiff may retain copies of Confidential Material provided that she executes and delivers to Defendant's Counsel the Certification annexed to this Confidentiality Stipulation and Protective Order agreeing to be bound by its terms.

14.     The parties shall not disclose Confidential Material to any person not a party or a member of the staff of the parties' attorneys' offices, except under the following conditions:

a.     Disclosure may be made only if necessary to the preparation or presentation of each party's case in this action, or trial of this action, or any appeal thereof.

b.     Disclosure before trial may be made only to:

i.     An expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this action;

ii.     An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

iii.     A witness at deposition;

iv.     The Court, including court personnel; and

v.     Any other person agreed to by the Producing Party.

c.     Before any disclosure is made to a person listed in subparagraph (b)(i) above, the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order and such person shall consent in writing, in the Certification annexed hereto, not to use the Confidential Material for any purpose other than in connection with the prosecution or defense of this case and not to

further disclose the Confidential Material except in testimony taken in this case. The signed consent shall be retained by counsel for the party disclosing the information.

15. If an individual employee of DOCCS in the ordinary course of performing their daily job duties, unrelated to this litigation, discloses records containing any of the Confidential Material and/or Attorney's Eyes Only Material listed in Paragraphs 3 or 5 of this Order, such discovery and/or disclosure shall not be deemed a violation or waiver of this Order.

16. The disclosure of Attorney's Eyes Only material shall be limited to:

   a. Attorneys for Plaintiff;

   b. Defendants and attorneys for Defendants;

   c. An expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this action;

   d. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

   e. A DOCCS former or current employee witness at a deposition if the contents of the material would be available to them in the ordinary course of the performance of their duties, provided that the witness may not be permitted to have a copy of the material, and the transcript of that portion of the testimony shall be marked with the same designation as the exhibit was;

   f. The Court, including court personnel;

   g. Attorney's Eyes Only material may not be disclosed to Plaintiff. Documents containing investigatory analysis or divulging investigatory technique may be designated Attorney's Eyes Only and may not be disclosed to Plaintiff. However, Plaintiff, as Administrator to the Estate of Jarrett Frost, may view documents containing any witness statements, photographs, videos, maps, diagrams or factual materials directly related to the death of Jarrett Frost or the investigation into his death that are designated Confidential; and

   h. Any other person agreed to by the Producing Party.

Before any disclosure is made to a person listed in subparagraph (c) and former DOCCS employees identified in (e) above, the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order and such person shall consent in writing, in the Certification annexed hereto, not to use the Attorney's Eyes Only materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Attorney's Eyes Only materials except in testimony taken in this case. The signed consent shall be retained by counsel for the party disclosing the information.

17.    Confidential Material or Attorney's Eyes Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel, provided, however, that in the event that Plaintiff's counsel intends to produce documents containing Confidential Material or Attorney's Eyes Only material or that contain Confidential Material or Attorney's Eyes Only material obtained from such documents in response to such order, Plaintiff's counsel shall serve notice of such order upon Defendant's counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendants the opportunity to seek a protective order against such production, unless Plaintiff's counsel has been ordered to produce the materials within less than ten (10) business days, in which case Plaintiff's counsel must inform Defendant's counsel as soon as practical.

18.    Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential Material shall not be released or disclosed in any manner to any person who is or was

an incarcerated individual in the custody of DOCCS. However, incarcerated individuals or formerly incarcerated individuals may be shown copies of their own statements, witness statements referring to them or video recordings containing their images or voices, even if designated Confidential and questioned about them in their depositions, provided that they are not allowed to retain them.

19.    The Confidential Material or Attorney's Eyes Only material shall not be disclosed in open court without first affording the party who so designated the material an opportunity to contest disclosure and/or admissibility of such Confidential Material or Attorney's Eyes Only material. If the Court denies the request to prevent disclosure or admissibility of the material at issue, the material may be used as directed by the Court.

20.    If any party intends to file with the Court any documents that attach, enclose, or contain Confidential Material or Attorney's Eyes Only material (as defined in this Stipulation and Protective Order), and without the written consent of the party that designated the documents as Confidential Material or Attorney's Eyes Only material, counsel for the party that seeks to maintain the protected designation shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion. If the motion to seal is denied, the party seeking to file the documents is permitted to file them as directed by the Court.

21.    If any Party or, as appropriate, non-party, intends to disclose Confidential Material during any hearing or trial before the Court, including through argument, filings, or the presentation of evidence, such Party or, as appropriate, non-party, may do so only after taking such steps as the

Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Material. If a motion to seal or other restrict disclosure of the Confidential Material is denied, the designation shall be removed and the material may be filed and used as directed by the Court.

22.     Nothing herein shall be deemed to waive any applicable privilege.   Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this action, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure.  However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege.

23.     Within sixty (60) days of the conclusion of this Action, including appeals, Plaintiff's counsel shall either return to Defendant's counsel all Confidential Material and/or Attorney's Eyes Only material, and any copies thereof, in their custody, possession or control and any documents containing Confidential Material and/or Attorney's Eyes Only material, in whole or in part, and any copies made therefrom or shall notify Defendant's counsel in writing that all such material has been destroyed. Notwithstanding the foregoing, Plaintiff's counsel may retain: (1) attorney work product that refers to or relates to Confidential Material and/or Attorneys' Eyes Only material and (2) copies of all documents filed with the Court, including documents filed under seal.   Any retained

Confidential Material and/or Attorney's Eyes Only material will continue to be protected by this Stipulation and Protective Order.

24.    Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in Paragraphs 3 and 5 herein.

Dated:  May 1 , 2026
              New York, NY

_____
Counsel for Plaintiff(s)
Robert Rickner, Esq.
Rickner Moskovitz LLP
14 Wall Street, Suite 4C
New York, NY  10279
212/300-6506
rob@rmcivilrights.com

May  1 , 2026
              New York, NY

_____
Counsel for Defendant(s)
Letitia James
Attorney General of New York State
By: Steven N. Schulman
Christopher J. Byrne
Assistant Attorney General
28 Liberty Street
New York, NY 10005
212/416-8654
steven.schulman@ag.ny.gov

**SO ORDERED**.

Dated: May _1_, 2026
              White Plains, NY

_____
CATHY SEIBEL
United States District Judge

## **CERTIFICATION**

I certify my understanding that Confidential Material and/or Attorney's Eyes Only material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in _____, currently pending in the United States District Court for the _____ District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material and/or Attorney's Eyes Only material, including but not limited to any notes or other transcriptions made of Confidential Material and/or Attorney's Eyes Only material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____
ADDRESS

_____
TELEPHONE NUMBER